UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLIE L. HARVEY, JR., | Case No. 09cv0150-LAB (BLM) |
| Petitioner, | **ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR ASSIGNMENT OF COUNSEL** |
| v. | |
| A. HEDGPETH, Warden, et al., | |
| Respondents. | **[Doc. No. 7]** |

On February 9, 2009, Petitioner Quillie Harvey, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed the Motion for Assignment of Counsel currently before the Court. Doc. No. 7. Petitioner contends that he requires appointed counsel because of the seriousness of his case and because he "has very little legal experience and knowledge of law." Id. at 3. Petitioner also claims that the prison lockdown and his limited access to the prison library have impaired his ability to prepare his case. Id. at 8. Having considered the request submitted by Petitioner and the applicable law, and for the reasons set forth below, Petitioner's Motion for Assignment of Counsel is **DENIED** without prejudice.

///

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See McClesky v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Chaney, 801 F.2d at 1196. Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

The court's discretion to appoint counsel may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court has reviewed the Petition for Writ of Habeas Corpus submitted by Petitioner in this case. Doc. No. 1. This filing belies Petitioner's claims of an inability to understand the applicable law. For example, in his Petition, Petitioner properly articulated a claim of ineffective assistance of counsel under the Sixth Amendment. See id.

Petitioner provides a thorough and clear recitation of his claims, and cites appropriate authority.[1]  See id.  Thus, the Court finds that Petitioner not only has a sufficient grasp of his individual claims for habeas relief and the issues involved in those claims, but also is able to articulate those claims adequately without assistance.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").  The Court also finds that while Petitioner has asserted sufficient facts to state a claim for federal habeas relief, he has not established a likelihood of success on the merits.  See Terrell, 935 F.2d at 1017.  Under these circumstances, the Court concludes that this habeas proceeding does not present "exceptional circumstances" justifying the appointment of legal counsel.  Id.  Accordingly, Petitioner's Motion for Assignment of Counsel is **DENIED** without prejudice.

   **IT IS SO ORDERED.**

DATED:   February 23, 2009

BARBARA L. MAJOR
United States Magistrate Judge

---

[1] Because of Petitioner's demonstrated ability to cite proper authority and clearly present his claims, the Court finds that the prison lockdown and his limited library access have not impaired Petitioner's ability to litigate this case thus far.