# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| QUILLIE L. HARVEY, JR., | CASE NO. 09CV0150-LAB (BLM) |
|---|---|
| Petitioner, | **ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION; AND** |
| vs. | |
| A. HEDGPETH, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondent. | |

Petitioner, a prisoner in state custody, brought a petition for writ of habeas corpus (the "Petition") in this Court, pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty in 1992 to one count of second degree murder with a firearm. His final appeal was denied by the California Supreme Court on March 30, 1994. Petitioner recognized his Petition was untimely and immediately requested equitable tolling. Respondent then moved to dismiss.

Pursuant to 18 U.S.C. § 636(b) and Civil Local Rule 72.1(c) and (d), these matters were referred to Magistrate Judge Barbara Major for a report and recommendation. On April 10, 2009, Judge Major issued her report and recommendation (the "R&R"), recommending denying the request for equitable tolling and denying the Petition. Petitioner filed brief objections to the R&R, and Respondents filed none.

///

1    A district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id*.; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, this Court must review those parts of the report and recommendation to which a party has filed a written objection.

Neither party has objected to the R&R's findings of facts, recital of the procedural history, or recommendation that Respondent Brown be dismissed as a party. The Court has reviewed these portions of the R&R, finds them correct, and **ADOPTS** them.

Petitioner argues his trial counsel failed to properly advise him of the consequences of his guilty plea, and his appellate counsel was ineffective in failing to raise this on appeal. Petitioner's sole argument in support of his request for equitable tolling is that his appellate counsel failed to inform him of this, and failed to send him copies of the transcripts which would have allowed him to discover this on his own. (Obj. to R&R, 1:19–24.) He argues he only discovered his appellate counsel's ineffective representation in July of 2007 when, in preparation for a parole hearing, Petitioner was given access to his prison files. (R&R, 6:2–14.) He argues that, until that time, he was under the mistaken impression his appellate counsel had done raised the ineffective assistance of counsel issue. (Obj. to R&R, 2:1–8.)

Petitioner bears the burden of demonstrating that equitable tolling is appropriate. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). The R&R correctly concluded Petitioner was not entitled to equitable tolling until the time he <u>actually</u> discovered the factual basis for his Petition, but rather that he was only entitled to tolling until he could, through the exercise of due diligence, have discovered the factual basis. (R&R, 9:11–16) (citing 28 U.S.C. § 2244(d)(1)(D)). Petitioner is therefore required to show he could not, with due diligence, have discovered his appellate counsel failed to raise the issue of ineffective

assistance of counsel. The R&R notes Petitioner did not request copies of his the briefing or court orders on appeal, nor does he present any evidence he participated in or monitored the appeal. (R&R, 9:18–10:2.) Had he done any of these things, the R&R concludes, he could have learned of the alleged error years earlier. (*Id.*, 9:16–18.) The Objections do not challenge these findings of fact, but merely point to the failure of Petitioner's appellate counsel to tell him of the alleged error or send him any transcripts,[1] and to problems Petitioner had in obtaining his documents after July of 2007. (Obj. to R&R, 1:17–24, 2:1–8.) Petitioner knew he was not receiving documents from his appellate counsel (Mot. for Equitable Tolling (Docket no. 3), 1–6), but offers no explanation why he did not request them then from either his attorney or the state court. Petitioner's pleadings indicate his attorney was not intentionally withholding them, but had assumed they would be sent by Appellate Defenders. (*Id.*, 2:5–6.)

Even accepting Petitioner's Objections as true, there is no showing that Petitioner pursued his rights diligently but some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The threshold for obtaining equitable tolling is very high," *Townsend v. Knowles*, 562 F.3d 1200, 1205 (9th Cir. 2009), and it is not met here.

Because the Court concludes Petitioner is not entitled to equitable tolling, his Petition is untimely by over eleven years. The Objections are therefore **OVERRULED** and the R&R is **ADOPTED**. The Petition is **DENIED**.

IT IS SO ORDERED.

DATED: August 16, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The Objections argue simply that Petitioner's counsel failed to send him "transcripts." Because hearing transcripts are not the only documents that would show what was argued before the state court, and because it is unclear whether Petitioner means this term to refer to court records generally, the Court will assume, *arguendo*, that Petitioner's appellate counsel did not send him any documents pertaining to his appeal.