# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLIE L. HARVEY, JR.,<br><br>                  Petitioner,<br>  vs.<br><br>A. HEDGPETH,<br><br>                  Respondent. | CASE NO. 09CV0150-LAB (BLM)<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |

On August 17, 2009, the Court issued an order denying as untimely Petitioner's request for writ of habeas corpus, without reaching the petition's merits. In an application dated August 27, Petitioner applied to this Court for a certificate of appealability ("COA").

A COA will issue only if Petitioner can show not only that his petition states valid constitutional claims, but also that reasonable jurists would find this Court's procedural ruling debatable. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

Petitioner pleaded guilty in state court to one count of second degree murder with the use of a firearm. He then sought to withdraw his plea, which was denied. The California Supreme Court denied his appeal on March 30, 1994. Beginning February 8, 2008, he began attempting to pursue habeas relief in state court. On December 17, 2008, the California Supreme Court denied his petition.

/ / /

1       Petitioner then filed his petition in this Court on January 29, 2009. Because this petition was filed over a decade late, it could only be timely if AEDPA's time limits were equitably tolled.

      Petitioner did not monitor his own criminal appeals in state court and therefore, he claims, did not realize his attorney did not raise the issues he now wishes to raise. He argues he asked his attorney for copies of court records but did not receive any. He never explained why, having not received the records, he believed he knew what had been presented to the state court. Nor did he provide any satisfactory explanation why he never attempted to obtain copies of the briefing or the state appellate courts' orders in any other way before 2007. Even accepting his representations as true, Petitioner did not show he pursued his rights diligently but some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

      Because, even accepting Petitioner's representations as true, equitable tolling is inappropriate under the Supreme Court's standards, the Court finds reasonable jurists would not find its ruling debatable. The COA is therefore **DENIED**.

      **IT IS SO ORDERED**.

DATED: September 3, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge